UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., *Plaintiff*, v. LOS MENORES BARBER SHOPS, LLC d/b/a LOS MENORES BARBER SHOP, et al., *Defendants.* | Civil Action No. 18-8825 ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff J&J Sports Productions, Inc.'s ("Plaintiff" or "J&J Sports") unopposed Second Motion for Default Judgment,[1] ECF No. 22, against Defendant Los Menores Barber Shops, LLC d/b/a Los Menores Barber Shop ("Los Menores");

and it appearing that this action arises out of Los Menores' and Juan A. Rodriguez's ("Rodriguez" and together with Los Menores, "Defendants") unlawful interception, reception, publication, divulgence, display, exhibition, and tortious conversion of the televised program "Saul Alvarez v. Amir Khan WBC World Middleweight Championship Fight Program" on May 7, 2016, Compl. ¶¶ 3, 20, ECF No. 1;

and it appearing that Plaintiff is a closed-circuit distributor of sports and entertainment programming, Joseph M. Gagliardi Aff. ¶ 3, ECF No. 14.1;

and it appearing that Los Menores is a "limited liability company/corporation" that operates a barber shop in Elizabeth, New Jersey, Compl. ¶ 6;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

1

and it appearing that Rodriguez is an owner, operator, member, officer, director, shareholder, and/or agent of Los Menores, id. ¶¶ 7-8;

and it appearing that on May 4, 2018, Plaintiff filed a six-count Complaint against Defendants, asserting (1) a violation of 47 U.S.C. § 605; (2) a violation of 47 U.S.C. § 553 ("Section 553"); (3) conversion; (4) unlawful interference with prospective economic advantage; (5) unlawful interference with contractual relations; and (6) unjust enrichment, id. ¶¶ 19-54;

and it appearing that Defendants have failed to answer or otherwise respond to the Complaint as of the date of this Order;

and it appearing that Plaintiff previously filed an application for default judgment against Defendants, ECF No. 14;

and it appearing that the Court granted default judgment against Rodriguez but denied Plaintiff's prior motion as to Los Menores because Plaintiff failed to show that service was properly effectuated on Los Menores, see ECF No. 16 at 4-5 ("First Default Judgment Order");[2]

and it appearing that Plaintiff filed this Second Motion for Default Judgment against Los Menores on April 9, 2021, see Pl. Mem. at 2, ECF No. 22;

and it appearing that Plaintiff contends that it has properly effectuated service upon Los Menores by leaving a copy of the summons and complaint with Rodriguez's father, who indicated that he "was authorized to accept service and would give the documents to Mr. Rodriguez upon his return" from Florida, see Pl. Mem. at 2, ECF No. 22.2;

and it appearing that "the party asserting the validity of service bears the burden of proof on that issue," Grand Entm't Grp.v. Star Media Sales, 988 F.3d 476, 488 (3d Cir. 1993);

---

[2] The Court previously found that Rodriguez was properly served, that it has personal jurisdiction over Rodriguez, and that Plaintiff sufficiently stated a claim under Section 553. See First Default Judgment Order at 5-8.

and it appearing that Federal Rule of Civil Procedure 4(h) provides two methods by which an unincorporated entity may be served with a copy of the summons and complaint: (1) "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"; or (2) service may be made "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State," Fed. R. Civ. P. 4(h)(1), 4(e)(1);

and it appearing that under New Jersey law, a defendant unincorporated entity may be served by serving a copy of the summons and complaint "on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof . . . ," N.J. Ct. R. 4:4-4(a)(6);

and it appearing that the New Jersey Supreme Court held that service may be effectuated upon an individual who is not a corporate executive or managing agent if (a) the representative upon which service is made is "so integrated with the organization that [s]he will know what to do with the papers" and (b) if the representative "should stand in a position to render it fair, reasonable, and just to imply the authority to receive service," O'Connor v. Altus, 67 N.J. 106, 128 (1975) (internal citation omitted) (holding that service was proper upon a corporation's receptionist where "the receptionist was sufficiently integrated with the small corporation . . . to know what to do with the papers and it was reasonable for the deputy sheriff to assume she had authority to receive service");

and it appearing that here, Plaintiff has not indicated that Rodriguez's father was authorized by appointment or by law to receive service of process on behalf of Los Menores, or whether Rodriguez's father had any direct relationship with Los Menores;

and it appearing that Federal Rule of Civil Procedure 4(e) allows service of an individual by leaving a copy of a summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," Fed. R. Civ. P. 4(e)(2)(B);

and it appearing that such a method of service is clearly inapplicable here, where service on Rodriguez would be for the purposes of serving Los Menores and not Rodriguez in an individual capacity;

and it appearing that Plaintiff has thus failed to demonstrate that it properly effectuated service on Los Menores;[3]

**IT IS** on this 11th day of November, 2021;

**ORDERED** that Plaintiffs' Second Motion for Default Judgment, ECF No. 22, is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff may refile a motion for default judgment against Los Menores upon a showing that Los Menores has been properly served. Plaintiff is entitled to thirty (30) additional days from the date of this Order to effect proper service on Los Menores.[4]

*/s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[3] Because the Court found that service was improper, it need not reach Plaintiff's request for costs and reasonable attorneys' fees. Plaintiff may renew its request for such fees in a renewed motion for default judgment.

[4] As Plaintiff has already been given a chance to properly serve Los Menores, another failure to effect service will result in dismissal under Rule 4(m).