<u>**CLOSING**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**LOS MENORES BARBER SHOPS, LLC d/b/a LOS MENORES BARBER SHOP, et al.,**<br><br>*Defendants.* | **Civil Action No. 18-8825**<br><br>**ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff J & J Sports Productions, Inc.'s ("Plaintiff" or "J & J Sports") unopposed Third Motion for the Entry of Default Judgment,[1] ECF No. 28, against Defendant Los Menores Barber Shops, LLC d/b/a Los Menores Barber Shop ("Los Menores");

and it appearing that this action arises out of Los Menores' and Juan A. Rodriguez's ("Rodriguez," and together with Los Menores, "Defendants") unlawful interception, reception, publication, divulgence, display, exhibition, and tortious conversion of the televised program "Saul Alvarez v. Amir Khan WBC World Middleweight Championship Fight Program" (the "Program") on May 7, 2016, Compl. ¶¶ 3, 20, ECF No. 1;

and it appearing that Plaintiff is a closed-circuit distributor of sports and entertainment programming, Compl. ¶ 22;

and it appearing that Los Menores is a "limited liability company/corporation" that operates a barber shop in Elizabeth, New Jersey, Compl. ¶ 6;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." <u>DIRECTV, Inc. v. Pepe</u>, 431 F.3d 162, 165 (3d Cir. 2005).

1

**CLOSING**

and it appearing that pursuant to a contract, Plaintiff had the exclusive nationwide commercial distribution rights to the Program telecast and accompanying undercard bouts and fight commentary on May 7, 2016, id. ¶ 20;

and it appearing that Plaintiff entered into sublicensing agreements with various commercial entities that granted those entities limited rights to publicly exhibit the Program, id. ¶ 21;

and it appearing that Defendants never lawfully licensed the Program from Plaintiff, id. ¶ 21;

and it appearing that on November 5, 2016, Rodriguez willfully directed, authorized, and/or otherwise permitted Los Menores employees to unlawfully intercept, receive, and broadcast the Program, id. ¶¶ 13, 15-16, 24;

and it appearing that Rodriguez is an owner, operator, member, officer, director, shareholder, and/or agent of Los Menores, id. ¶¶ 7-8;

and it appearing that on May 4, 2018, Plaintiff filed a six-count Complaint against Defendants, asserting (1) a violation of 47 U.S.C. § 605 ("Section 605"); (2) a violation of 47 U.S.C. § 553 ("Section 553"); (3) conversion; (4) unlawful interference with prospective economic advantage; (5) unlawful interference with contractual relations; and (6) unjust enrichment, id. ¶¶ 19-54;

and it appearing that Defendants have failed to answer or otherwise respond to the Complaint as of the date of this Order;

and it appearing that Plaintiff previously filed an application for default judgment against Defendants, ECF No. 14;

and it appearing that the Court granted default judgment against Rodriguez but denied Plaintiff's prior motion as to Los Menores because Plaintiff failed to show that service was properly effectuated on Los Menores, <u>see</u> ECF No. 16 at 4-5 ("First Default Judgment Order"); [2]

and it appearing that Plaintiff filed a Second Motion for Default Judgment against Los Menores on April 9, 2021, ECF No. 22, which the Court again denied for lack of proper service, <u>see</u> ECF No. 24 ("Second Default Judgment Order");

and it appearing that Plaintiff filed the instant Third Motion for Default Judgment against Los Menores on March 2, 2022, ECF No. 28;

and it appearing that on December 16, 2021, Plaintiff requested the Clerk of the Court enter default against Los Menores, ECF Nos. 26-27, which the Clerk entered on January 3, 2022;

and it appearing that Defendants have failed to answer or otherwise respond to the Complaint as of the date of this Order;

and it appearing that a default judgment may be entered only against a properly-served defendant, <u>see</u> <u>E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC</u>, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket now reflects proper service against Los Menores, <u>see</u> ECF No. 25;

and it appearing that the Court must determine whether it has jurisdiction over the action and the parties before entering default judgment, <u>see</u> <u>Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.</u>, 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

---

[2] The Court previously found that Rodriguez was properly served, that it has personal jurisdiction over Rodriguez, and that Plaintiff sufficiently stated a claim under Section 553. <u>See</u> First Default Judgment Order at 5-8.

and it appearing that the Court has federal question jurisdiction over Plaintiff's claim brought under Section 553,[3] see 28 U.S.C. § 1331;

and it appearing that the Court has personal jurisdiction over Los Menores as a corporation with its principal place of business in New Jersey, see Compl. ¶ 6; see also Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011);

and it appearing that, before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently states a cause of action and whether the plaintiff has proved damages, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing that under Section 553, "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so," 47 U.S.C. §§ 553(a)(1);

and it appearing that to establish liability under Section 553, a plaintiff must demonstrate that the defendant "(1) intercepted a broadcast; (2) [was] not authorized to intercept the broadcast; and (3) showed the broadcast to others," J & J Sports Prods, Inc. v. Edrington, No. 10-3789, 2012 WL 525970, at *2 (D.N.J. Feb. 16, 2012);

and it appearing that Plaintiff had the exclusive right to distribute the Program, Compl. ¶ 20, and Plaintiff did not license the Program to Defendants, Compl. ¶ 37;

and it appearing that Plaintiff's investigator Dustin Vilardo observed the Program broadcast being unlawfully displayed at Los Menores on one television with six patrons present at

---

[3] Although Plaintiff brought claims under Sections 605 and 553, there exists "a presumption in favor of [Section] 553 at the default judgment stage where the plaintiff produces no evidence of an interception of satellite, as opposed to cable, transmissions. Joe Hand Promotions, Inc. v. FORUPK LLC, No. 19-7970, 2020 WL 1864582, at *2 (D.N.J. Apr. 14, 2020) (quotation omitted). Because Plaintiff has not provided any evidence that a satellite transmission was intercepted, any recovery would have to be under Section 553, not Section 605.

the establishment on May 7, 2016, see Affidavit of Dustin Vilardo ("Vilardo Aff."), Ex. B, ECF No. 14.1;

and it appearing that Plaintiff has therefore stated a claim for relief under Section 553;[4]

and it appearing that before granting default, the Court must also make explicit factual findings as to "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct," Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014) (quotation marks and citation omitted);

and it appearing that Plaintiff will suffer prejudice if no action is taken because "Plaintiff has no other method of seeking damages for the harm caused by Defendant other than the current suit," Joe Hand Promotions, Inc. v. Singleton, No. 17-13687, 2018 WL 3054683, at *4 (D.N.J. June 20, 2018);

and it appearing that Los Menores does not have a meritorious defense because it "has not responded and the record does not support any defenses," J & J Sports Prods., Inc. v. Tibiri-Tabara, LLC, No. 18-8819, 2019 WL 3402494, at *4 (D.N.J. July 26, 2019) (internal citation and quotation marks omitted);

and it appearing that Los Menores' "failure to respond permits the Court to draw an inference of culpability on [his] part," Joe Hand Promotions, Inc. v. Waldron, No. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013);

and it appearing that entry of a default judgment against Los Menores is therefore proper;

and it appearing that although the Court accepts the facts pled in the Complaint "as true for the purpose of determining liability, the plaintiff must prove damages," Moroccanoil, Inc. v. JMG Freight Grp. LLC, No. 14-5608, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015);

---

[4] Although Plaintiff brings other tort claims in the Complaint, because the Motion addresses only the claims brought under Sections 553 and 605, the Court finds that Plaintiffs have moved only for default judgment on those counts.

5

and it appearing that Plaintiff seeks to recover statutory damages in the amount of $10,000 and enhanced damages for the violation of Section 553, <u>see</u> Compl. ¶¶ 28-54, Pl. Mem. at 9-23, ECF No. 14;

and it appearing that a private party "aggrieved" by the unauthorized reception of communications may be awarded statutory damages from $250 to $10,000, 47 U.S.C. § 553(c)(A)(ii);

and it appearing that the Court has discretion to award so-called "enhanced damages," increasing the range to $50,000 per violation if the unauthorized reception of the communications was done "willfully and for the purposes of direct or indirect commercial advantage or private financial gain," 47 U.S.C. § 553(c)(3)(B);

and it appearing that in support of its claim of $10,000 in statutory damages, Plaintiff argues that this Court should decline to award actual damages, in favor of greater damages that are intended to deter wrongful conduct, Pl. Mem. at 12-13;

and it appearing that Plaintiff does not cite to any cases in this District where courts have declined to look "to actual damages—<u>i.e.</u>, the cost of the licensing fee—to measure the appropriate statutory damages," <u>G&G Closed Circuit Events, LLC v. Don Tequila Bar & Grill L.L.C.</u>, No. 19-84, 2020 WL 133033, at *3 (D.N.J. Jan. 13, 2020) (collecting cases);

and it appearing that the Court therefore finds that statutory damages of $2,200 would be appropriate, as $2,200 is the cost of Plaintiff's commercial licensing fee, and Plaintiff has not provided any evidence of other damages suffered;

and it appearing that with respect to enhanced damages, a court may consider (1) "whether the defendant has intercepted unauthorized broadcasts repeatedly and over an extended period of time"; (2) "whether it reaped substantial profits from the unauthorized exhibition in question"; (3)

6

"whether the plaintiff suffered significant actual damages"; (4) "whether the defendant advertised its intent to broadcast the event"; and (5) "whether the defendant levied a cover charge or significant premiums on its food and drink because of the broadcast," see Waldron, 2013 WL 1007398, at *26 (citing Kingston Pay-Per-View v. Rodriguez, No. 02-7972, 2003 WL 548891, at *2 (S.D.N.Y. Feb. 25, 2003));

and it appearing that here, there is no evidence that Los Menores previously intercepted and exhibited unauthorized broadcasts, and Plaintiff's investigator conceded there was no cover charge to enter Los Menores to watch the broadcast, Los Menores did not charge a premium on food or beverages, and it did not advertise the event;

and it appearing that there were only six patrons present during the broadcast, and the Court cannot conclude with any certainty the extent to which those patrons' presence was owing to the fight, rather than Los Menores' regular flow of business;

and it appearing that the Court concludes that an enhanced damages figure of $2,500, slightly more than the cost of the licensing fee, "appropriately balance[s] the need for deterrence against potential harm to [Los Menores'] business from the imposition of significant damages," J & J Sports Prods., Inc. v. Hackett, 269 F. Supp. 3d 658, 666 (E.D. Pa. 2017); see also Maglietta, 2019 WL 2443041, at *6 (explaining that a multiplier of three to six times the award of statutory damages, an approach used by some courts to calculate enhanced damages, is not appropriate when there is no allegation of repeated misconduct and when defendant did not charge a cover, among other factors);

**IT IS** on this 21st day of September, 2022;

**ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 28, is hereby **GRANTED**; and it is further

7

**CLOSING**

**ORDERED** that the Clerk of Court enter judgment against Los Menores in the amount of $4,700.00, consisting of (a) the $2,200.00 in statutory damages previously awarded against Rodriguez, for which Los Menores and Rodriguez shall be jointly and severally liable; and (b) an additional $2,500.00 in enhanced damages; and it is further

**ORDERED** that Plaintiff may submit a request for costs and attorneys' fees within 30 days of the date of this Order.

This matter is **CLOSED**.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**